UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────

PATRICK TANASI, on behalf of himself and
others similarly situated,

               Plaintiff,

v.                                              **DECISION & ORDER**
                                                          12-CV-646S

NEW ALLIANCE BANK and FIRST
NIAGARA FINANCIAL GROUP, INC.,

               Defendants.
─────────────────────────────

In a motion to dismiss, Defendants argued that their pre-certification Rule 68 offer of judgment to the named plaintiff in this case rendered moot not only his individual claims, but also the entire putative class's claims too. On August 27, 2013, this Court, explaining that the putative class remained viable, issued a Decision and Order denying Defendants' motion to dismiss. (Docket No. 20.)[1] That decision is not typically appealable. But 28 U.S.C. § 1292(b) carves out a narrow exception. Defendants now move for an order certifying an interlocutory appeal under that provision. (Docket No. 21.)

For an order that is otherwise not appealable, the criteria for certification for interlocutory appeal under 28 U.S.C. § 1292(b) are that the district judge "be of the opinion" that (i) the "order involves a controlling question of law as to which there is a substantial ground for difference of opinion," and (ii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Although the Second Circuit has cautioned that in applying these criteria, "only

───────────────────────
[1] This Court will assume familiarity with the facts of the case and the August 27, 2013 ruling.

'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of judgment,'" Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Getione Motonave Achille Lauro In Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir.1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)) (internal brackets omitted), when a ruling satisfies these criteria and "involves a new legal question or is of special consequence," then the district judge "should not hesitate to certify an interlocutory appeal," Balintulo v. Daimler AG, 727 F.3d 174, 186 (2d Cir. 2013) (quoting Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009)).

As this Court's August 27, 2013 Decision and Order makes clear, it is a consequential and unresolved question in this Circuit whether a pre-certification offer of judgment under Rule 68 moots a putative class action. District courts in this Circuit, and Circuit courts throughout the county, have offered different answers while employing varied rationales. Moreover, if this question were resolved in Defendants' favor, the case would effectively be concluded; thus, resolution of this matter would clearly "materially advance the ultimate termination of the litigation." Though cognizant of the compelling interests embodied in the "final judgment rule," see, e.g., National Asbestos Workers Medical Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 148–52 (E.D.N.Y. 1999), this Court finds certification to be appropriate in this case. Accordingly,

IT HEREBY IS ORDERED , that, under 28 U.S.C. §1292(b) Defendants' Motion for Certificate of Appealability (Docket No. 21) is GRANTED.

FURTHER, the following question is certified for interlocutory appeal:

> If, in keeping with Defendants' pre-certification Rule 68 offer of

judgment, which afforded the named Plaintiff complete relief on his individual claims in this putative class action, this Court were to enter judgment in the named Plaintiff's favor, would the entire Rule 23 putative class action be rendered moot?

FURTHER, that this Court's August 27, 2013 Decision and Order is amended in accordance with this Order.

FURTHER, the case is stayed during the pendency of the certification process and any appeal.

SO ORDERED.

Dated:   December 17, 2013
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court