UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK TANASI, on behalf of himself and
others similarly situated,

                              Plaintiff,

        v.                                                      **DECISION AND ORDER**
                                                                12-CV-646S
NEW ALLIANCE BANK and FIRST
NIAGARA FINANCIAL GROUP, INC.,

                              Defendants.

1.      Plaintiff Patrick Tanasi brings this putative class action against Defendants New Alliance Bank, and its successor-in-interest, First Niagara Financial Group, Inc. (collectively "the Bank").  Tanasi's claims stem from the Bank's alleged practice of re-ordering debit (or "point-of-sale") transactions from the highest transaction amount to the lowest amount in an attempt to maximize overdraft fees.  Currently before the Court is the Bank's second motion to dismiss.  The Bank argues its $10,000 check, made out in Tanasi's name and sent to Tanasi's counsel "irrevocably and without condition," satisfied all of Tanasi's potential individual damages and thus moots the case.  (Docket No. 34-1, Defs.' Mem. of Law.)  This Court assumes the parties' familiarity with the facts and procedural background of this case.  (See, e.g., Docket No. 20, Decision and Order (granting in part and denying in part Defendants' Motion to Dismiss.)

2.      Tanasi commenced this action on July 9, 2012.  Soon after, the Bank offered to settle Tanasi's individual claims pursuant to Rule 68 of the Federal Rules of Civil Procedure for an amount greater than the statutory damages to which Tanasi would have been entitled if successful.  Tanasi refused to accept the offer, and the Bank

1

then moved to dismiss arguing, *inter alia*, that the unaccepted Rule 68 offer rendered Tanasi's individual and putative class action claims moot. This Court denied the motion to dismiss on this basis, holding that although Tanasi's individual claims were rendered moot by the unaccepted Rule 68 offer, his putative class action claims were not. (Id.) The Bank was granted leave for an interlocutory appeal, and the Second Circuit affirmed this Court's decision not to dismiss, but on the alternate ground that "an unaccepted Rule 68 offer alone does not render a plaintiff's individual claims moot before the entry of judgment against the defendants." Tanasi v. New All. Bank, 786 F.3d 195, 197 (2d Cir. 2015), cert. denied, 136 S. Ct. 979, 194 L. Ed. 2d 3 (2016). The Bank sought certiorari from the Supreme Court, which was denied after the Supreme Court held, in Campbell-Ewald Co. v. Gomez, that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." 136 S. Ct. 663, 672, 193 L. Ed. 2d 571 (2016).

3.     Although Campbell-Ewald definitively foreclosed the question of mootness with respect to an unaccepted settlement offer or offer of judgment, it left open the question of whether a plaintiff's case might be moot "if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." Id. Based on its interpretation of this language, the Bank sent a check to Tanasi's counsel, together with a letter stating that the check was "irrevocable and without condition," and filed the current motion to dismiss, again asserting that the action was moot pursuant to Fed. R. Civ. P. 12(b)(1). (Docket No. 34.) The Bank argues that, because they have "tendered payment to Plaintiff in an amount exceeding what he could recover were he to prevail

on the merits . . . . [h]is claims are therefore moot and no live claim or controversy remains for this Court to adjudicate." (Docket No. 34-1, Defs.' Mem. of Law at 3.)

4.      This Court disagrees with the Bank's argument.  It will instead follow the Ninth Circuit and the multiple district courts that, when addressing similar arguments, "have concluded that the Campbell-Ewald Court's admonition that 'a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted,' means that it is inappropriate to enter judgment on a named plaintiff's individual claims, 'over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification.'"  Fauley v. Royal Canin U.S.A., Inc., 143 F. Supp. 3d 763, 765 (N.D. Ill. 2016) (collecting cases) (quoting Campbell-Ewald Co., 136 S. Ct. at 672 and Chen v. Allstate Ins. Co., 819 F.3d 1136, 1147, 2016 WL 1425869, at *9 (9th Cir. Apr. 12, 2016)); see also Family Med. Pharmacy, LLC v. Perfumania Holdings, Inc., No. CV 15-0563-WS-C, 2016 WL 3676601, at *5 (S.D. Ala. July 5, 2016) ("Thoughtful, well-reasoned decisions have emerged on both sides of the issue; however, there appears to be an emerging consensus against a finding of mootness.").   Indeed, the District Court presiding over the Campbell-Ewald case recently addressed a nearly identical situation.  See Gomez v. Campbell-Ewald Co., No. 10-cv-2007-DMG (AJWx) (C.D. Cal. June 3, 2016).   Following the Supreme Court's decision in Campbell-Ewald, the defendant in that case, just as the Bank did here, sent plaintiff's counsel "an unsolicited check and deem[ed] it 'unconditional' and 'irrevocable,'" then "filed a motion to dismiss for lack of jurisdiction or, in the alternative, entry of judgment for the plaintiff . . . and a motion for leave to deposit funds with the Court" with the intent to moot plaintiff's individual claims and, presumably, thereby end

the putative class action.  <u>See</u> <u>id.</u> at 2 (citations omitted).  The District Court denied the motion, finding that nothing in the Supreme Court decision precluded such a denial, and stating that defendant could not "force [plaintiff] to accept a settlement which has not been negotiated for or accepted merely by sending his counsel an unsolicited check . . ." <u>Id.</u>

5.    Several District Courts outside this Circuit, addressing similar motions to dismiss after rejected tenders of payment on individual claims, have also allowed putative class actions to go forward.  <u>See, e.g.</u>, <u>Radha Giesmann, MD, P.C. v. Am. Homepatient, Inc.</u>, No. 4:14CV1538 RLW, 2016 WL 3407815, at *3 (E.D. Mo. June 16, 2016) (finding "it inappropriate to allow Defendant to tender payment to the class representative on his individual claims, over Plaintiff's objection, to presumably incapacitate the class action before Plaintiff has had a fair opportunity to show that certification is warranted"); <u>Yaakov v. Varitronics, LLC</u>, Civ. No. 14–5008, 2016 WL 806703, at *1 (D. Minn. Mar. 1, 2016) (denying defendant's motion to deposit money into the court's registry in putative class action where there was "no purpose to the deposit defendant seeks to make other than to moot the case, and . . . Plaintiff has not yet had a fair opportunity to show that class certification is warranted"); <u>Ung v. Universal Acceptance Corp.</u>, No. CV 15-127 (RHK/FLN), 2016 WL 3136858, at *1 (D. Minn. June 3, 2016) (denying motion to dismiss for mootness, even though defendant had "tendered to [plaintiff] the maximum amount of damages he could arguably recover in this case" and "offered a stipulated injunction and an award of costs," because "there is no reason to treat a rejected *tender* of payment any differently than a rejected *offer* of payment" and because "[t]he law does not countenance the use of individual offers to

thwart class litigation" (emphasis in original)).  Further, two District Courts in this Circuit have reached analogous conclusions when defendants in those actions attempted to forcibly settle individual claims in putative class actions.  The Southern District has held that a plaintiff's "individual claims remain live" even after defendants "deposit[ed] the full amount of statutory damages into the Court's Finance Unit and assent[ed] to the injunctive relief" that plaintiff had requested.  See Bais Yaakov of Spring Valley v. Graduation Source, LLC, No. 14-CV-3232 (NSR), 2016 WL 872914, *1 (S.D.N.Y. Mar. 7, 2016).  And, the Eastern District denied defendants' motion to dismiss after making a tender, noting that "[e]ntering judgment against Defendants over Plaintiffs' objections before Plaintiffs have had the opportunity to file a class certification motion as Defendants request would ignore the Supreme Court's holding" in Campbell-Ewald. See Brady v. Basic Research, L.L.C., No. 13CV7169SJFARL, 2016 WL 1735856, at *1 (E.D.N.Y. May 2, 2016).

6.      The Bank cites several cases in its Reply, arguing that they support the proposition that "where a defendant has tendered and a plaintiff has actually received complete relief on his claims, the claims are moot."  (Docket No. 41.)  However, each of these cases is distinguishable.  In Leyse v. Lifetime Entertainment Services, LLC, No. 13-cv-5794, 2016 WL 1253607, *1 (S.D.N.Y. Mar. 17, 2016), the Court noted that Campbell-Ewald does not "disrupt the Second Circuit's precedent allowing for the entry of judgment for the plaintiff over plaintiff's objections."  Id. at *2.  But, in that case, the plaintiff's motion for class certification had already been denied, and therefore class certification was no longer an issue.  Id. at *1.  Similarly, Price v. Berman's Auto., Inc., No. 14-cv-763, 2016 WL 1089417 (D. Md. Mar. 21, 2016) fails to persuade this Court,

as that case was not filed as a class action and so the forcible settling of putative class claims was not at issue.  Finally, the Bank cites <u>South Orange Chiropractic Center, LLC v. Cayan LLC</u>, No. 15-13069-PBS, 2016 WL 1441791, at *5 (D. Mass Apr. 12, 2016). However, as the Bank notes, the court in South Orange took a hybrid approach, mooting plaintiff's individual claims but allowing the class claims to proceed.  <u>Id.</u> at *5 & 7 ("this named plaintiff no longer has the requisite 'live claim' because Defendant has offered to deposit a check with the court, to satisfy all of Plaintiff's individual claims (and more), and to have the district court enter judgment in Plaintiff's favor," but "even though Plaintiff's individuals claims have become moot, the class action may proceed as a case or controversy under Article III").  In short, none of the decisions cited by the Bank are inconsistent with the Court's refusal, in <u>Campbell-Ewald</u>, to "place the defendant in the driver's seat" of a putative class action by allowing it to entirely moot the case through a payment to plaintiff.  <u>See</u> <u>Campbell-Ewald</u>, 136 S. Ct. at 672.

7.     This Court finds that it is bound by <u>Campbell-Ewald</u> to afford Tanasi a fair opportunity to show that class certification is warranted.  However, if Tanasi fails to certify a class after discovery, the Bank may renew its request to issue judgment in favor of Tanasi based upon a complete offer of relief.

IT HEREBY IS ORDERED that Defendants' motion to dismiss the Complaint as Moot (Docket No. 34) is DENIED.

SO ORDERED.

Dated: September 17, 2016
Buffalo, New York

/s/William M. Skretny
 WILLIAM M. SKRETNY
United States District Judge